IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RODERICK DEVON WALKER                                                                            PETITIONER

VERSUS                                                           CIVIL ACTION NO. 2:20-cv-65-KS-MTP

CHARLIE SIMS, Sheriff of Forrest County, Mississippi                                       RESPONDENT

ORDER CONSTRUING PETITIONER'S LETTER [13] AS A MOTION TO ALTER OR
AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)
AND DENYING PETITIONER'S LETTER/MOTION [13] TO ALTER OR AMEND

This matter is before the Court on Petitioner's Letter [13] filed on May 29, 2020.[1] *See Temple v. Wells,* 2001 WL 883638, at *2 (E.D. La. Aug. 6, 2001) (finding that an unsigned pleading that is promptly corrected in compliance with Rule 11(a) of the Federal Rules of Civil Procedure should be considered filed as of the date it was originally filed). Liberally construing Petitioner's Letter [13], the Court finds that Petitioner is requesting that the Court reconsider the Memorandum Opinion and Order [10] and Final Judgment [11] entered on May 19, 2020, dismissing his Petition for habeas relief.

Petitioner's Letter/Motion [13] requesting that the dismissal of this lawsuit be altered or amended was filed within 28 days of the entry of the Final Judgment [11]. The Court therefore liberally construes the Letter [13] as a Motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. S*ee Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n. 1 (5th Cir. 1987) (finding that federal courts may construe and re-characterize a *pro se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint"); *see also Hernandez v. Thaler*, 630 F.3d 420, 427 n.27 (5th Cir. 2011) (noting that Court must consider the "substance of the relief, not a label" to determine the "true nature" of the

---

[1] Petitioner's unsigned Letter [13] was promptly corrected by Petitioner filing his Response [15] on July 16, 2020, to the Court's Order [14] entered on July 6, 2020.

pleading).   After consideration of the record and relevant legal authority, and for the reasons discussed below, the Court finds that Petitioner's Letter/Motion [13] is denied.

To obtain relief under Rule 59(e), the moving party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and the request for relief "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 863-64 (5th Cir. 2003) (citation and quotation marks omitted); *see also Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.") (citation and quotation marks omitted).

Petitioner's Letter/Motion [13] expresses general disagreement with the ruling of the Court by restating the claims he asserted in his Petition [2] and Response [7].   Having considered Petitioner's arguments in his Letter/Motion [13] and the relevant case law, the Court finds that Petitioner does not establish any grounds for reconsideration and the Court's decision in the Memorandum Opinion and Order [10] and Final Judgment [11] entered on May 19, 2020, was the correct legal finding.   Petitioner's Letter/Motion [13] to alter or amend the Memorandum Opinion and Order [10] and Final Judgment [11] should be denied.   Accordingly, it is,

ORDERED AND ADJUDGED that Petitioner's Letter/Motion [13] is construed as a Motion to Alter or Amend Judgment pursuant to Federal Rules of Civil Procedure 59(e).

IT IS FURTHER ORDERED AND ADJUDGED that Petitioner's Letter/Motion [13] is denied.

This the _____17th_____ day of August, 2020.

                                                   ____s/Keith Starrett_____
                                                   UNITED STATES DISTRICT JUDGE